IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DOMINIQUE GAUNICHAUX,

        Defendant.

ORDER

Case No. 18-cr-7-wmc-1

A hearing on the probation office's petition for judicial review of Dominque Gaunichaux's supervised release was held on August 16, 2021, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Corey C. Stephan appeared for the government. Defendant was present in person and by counsel Paul F. X. Schwartz. Also present was U.S. Probation Officer Jelani Brown.

FACTS

From the record, I make the following findings of fact. On May 24, 2017, defendant began his first term of supervised release in Western District of Wisconsin Case No. 16-cr-69 after his conviction for passing counterfeit obligations. The court revoked that term of supervised release on August 14, 2018, after he pleaded guilty to felon in possession of a firearm in this case, tested positive for marijuana, and failed to submit to drug testing on multiple occasions. Defendant was also sentenced in the Western District of Wisconsin on August 14, 2018, to a term of imprisonment of 24 months and a 3-year term of supervised release, following his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g), a Class C felony.

On August 2, 2020, defendant began his second term of supervised release in Case No. 16-cr-69 and first term in this case. At the very onset of supervision, the defendant absconded, having failed to report to the U.S. Probation Office following his release from Bureau of Prisons' custody after completing his prerelease placement at Rock Valley Community Programs (RVCP). After his arrest, a judicial review hearing was held on March 12, 2021, where the court revoked defendant's supervised release in both cases, sentenced him to a term of time served to be followed by an additional 2-year term of supervised release in this case alone. The court also modified defendant's conditions of release to include a 6-month period of location monitoring, as well as requiring him to participate in a mental health assessment.

Since beginning his second term of supervised release on March 12, 2021, the defendant has proceed to violate: (1) standard condition no. 2, requiring him to report to the probation office as directed and follow the officer's instructions; (2) standard condition no. 16, requiring him to participate in substance abuse testing and treatment; and (3) the mandatory drug testing condition, requiring him to submit to drug testing according to 18 U.S.C. § 3583(d). Specifically, on March 19, 2021, defendant was instructed to begin reporting to Attic Correctional Services' random drug testing program as of April 1, 2021, but failed to carry out that instruction when he missed his first drug test on April 8, 2021, and all subsequent drug tests thereafter: April 8, 15, and 27, as well as May 3, 12, and 16, 2021.

Failure to comply with drug testing is alone grounds for mandatory revocation under 18 U.S.C. § 3583(g)(3). Defendant also violated standard condition no. 5, prohibiting him from purchasing, possessing, using, distributing any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. He also violated the mandatory condition prohibiting him from committing another federal, state, or local crime and from illegally possessing a controlled substance, having tested positive for marijuana on March 19, April 9, May 21, June 28, and July 26, 2021. In addition to admitting his marijuana use on all of those occasions, defendant also tested positive for cocaine on April 9, June 28, and July 26, 2021. Denying use of cocaine on the first two occasions, the defendant admitted to using it with respect to the July 26 positive cocaine result. Defendant tested positive for amphetamines on May 21, 2021, and admitted to using ecstasy the week before his May 21st, positive urine test for amphetamines.

Finally, defendant violated special condition no. 15, requiring him to participate in a mental health assessment and treatment as approved by the supervising U.S. Probation Officer and to comply with all rules and recommendations of the mental health agency or representative, having attended a scheduled session on July 5, 2021, but failing to attend the second scheduled session on July 6, claiming he did not like the treatment provider.

In addition to defense counsel's August 11, 2021, memorandum emphasizing defendant's newfound openness to treatment for OADA and mental health issues, defendant's girlfriend and mother of his now two children filed a letter today arguing that

the defendant's most recent violations are largely attributable to his grief and shutting down after his older brother's tragic suicide on March 24, 2021. Although the defendant's substance abuse, mental health issues and criminal history all preceded that event, based on defendant's representations during the August 16 hearing as to his willingness to pursue placement at Rogers Behavior Health in Oconomowoc, Wisconsin, the court agreed to extend his supervised release for 30 days subject to his compliance on home confinement until inpatient placement is secured and meaningful participation once placed.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 14, 2018, and again on March 12, 2021, is CONTINUED for 30 days. Should defendant show progress at Rogers Behavior Health, the court would be open to a further continuance, otherwise this hearing shall continue on September 17, 2021, at 1:00 p.m.

Entered this 16th day of August, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge