IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    ORDER

DOMINIQUE GAUNICHAUX,               Case No. 18-cr-7-wmc-1

        Defendant.

---

A hearing on the probation office's petition for judicial review of Dominque Gaunichaux's supervised release was originally held before me on August 16, 2021. At that time, I made detailed findings of fact establishing the defendant's violations of: Standard Condition No. 2, requiring him to report to his probation officer as directed and follow the officer's directives; Standard Condition No. 5, prohibiting him from purchasing, possessing, using, distributing any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; the Mandatory Condition prohibiting him from committing another federal, state, or local crime and from illegally possessing a controlled substance; and Standard Condition No. 16, requiring him to participate in substance abuse testing and treatment; and the Mandatory Condition requiring him to submit to drug testing according to 18 U.S.C. § 3583(d). (Dkt. #297.) Despite the fact that these violations warranted (indeed, mandated) the defendant's revocation at that time, the court agreed to hold its ruling in abeyance and allow defendant to remain on supervised release for 30 days subject to his compliance on home confinement until inpatient placement was secured at Rogers Behavior Health in Oconomowoc, Wisconsin. When that placement fell through, the court further extended defendant's supervision until he could

complete inpatient drug abuse and mental health treatment at the Fahrman Center in Eau Claire, Wisconsin, and continue to participate in AODA and mental health treatment on an outpatient basis. A follow-up hearing was twice postponed, first at the request of defense counsel, and second after defendant contracted Covid-19, which he claimed had required his hospitalization.

Accordingly, the continuation of the August 16, 2021, hearing took place before U.S. District Judge William M. Conley on January 13, 2022. Assistant U.S. Attorney Corey C. Stephan again appeared for the government, and defendant was present in person and by counsel Paul F. X. Schwartz. Also present was U.S. Probation Officer Jelani Brown. Ultimately, although defendant completed the 21-day inpatient treatment program at the Fahrman Center, he has since failed to make a concerted effort toward mental health treatment and cooperation with the probation office, leaving profound questions as to his compliance with supervision.

FACTS

From the record, I make the following, supplemental findings of fact beyond those stated at the August 16th hearing, which were set forth in a written order dated the same day and are again incorporated here. The defendant again violated Standard Condition No. 2, requiring him to report to the probation office as directed and follow the officer's instructions and Standard Condition No. 16, by removing his sweat patch on December 28, 2021, and failing to report for drug testing as instructed on January 3, 2022, despite knowing the importance of demonstrating sobriety after completion of his inpatient treatment and before the continued hearing on January 6. This failure to comply with drug testing is further grounds by itself for mandatory revocation under § 3583(g)(3).

Defendant also again violated Standard Condition No. 5 and Mandatory Condition with regard to the illegal possession and use of controlled substances, having tested positive for cocaine

2

use on September 29 and October 4, 2021. In combination with those positive tests and admitted use of controlled substances addressed at the August 16 hearing, including marijuana use on five occasions, positive cocaine tests on three occasions, and amphetamines once, the defendant's testing positive again for drug use meets the requirements of use more than three times over the course of one year and is separate grounds for mandatory revocation under 18 U.S.C. § 3583(g)(4).

Further, defendant again violated Special Condition No. 15, as his mental health treatment provider advises that she has not seen him since his discharge from the Fahrman Center on November 2, 2021, despite having his first scheduled session set just three days later, and she would not schedule any additional sessions until he satisfies his co-payment obligation due and owing to Madison Counseling Center, LLC.

Finally, defendant has still made no payment toward his $100 special assessment that was imposed at the time of sentencing in August of 2018; thus, he has now been in default status for over three years.

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I find that revocation is warranted. Defendant's criminal history category is III. The court concludes that the most serious violations proven today constitute a Grade B violation. The advisory guideline range of imprisonment for a Grade B violation is 8 to 14 months in this case. Pursuant to 18 U.S.C. § 3583(g)(4), if a defendant as part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year, revocation of supervision is normally mandated. The defendant tested positive for marijuana on March 19, April 9, May 21, June 28, and July 26, 2021; he tested positive

3

for cocaine on April 9, June 28, July 26, September 29, and October 4, 2021; and he also tested positive for amphetamines on May 21, 2021. Under 18 U.S.C. § 3583(a), a term of supervised release is authorized to follow imprisonment, if supervision is revoked. That term could be up to 36 months, less any term of imprisonment imposed upon revocation. Nevertheless, the court will give defendant one last chance to comply with the terms and conditions of his supervised release.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 14, 2018, on March 12, 2021, and on August 16, 2021, is again CONTINUED for 30 days. Should defendant comply to the following requirements, the court would be open to a further continuance, otherwise this hearing shall continue on February 11, 2022, at 2:00 p.m.:

1. Defendant shall appear at the U.S. Probation Office, 222 W. Washington Ave., Madison, WI at 4:30 p.m. on January 18, 2022, for placement of a new sweat patch.

2. Defendant shall appear at the U.S. Probation Office, 222 W. Washington Ave., at 4:30 p.m. February 1, 2022, for removal of that patch and its replacement.

3. Defendant shall fully cooperate with Probation Officer Brown, including ensuring regular communication by whatever means necessary, coordinating a return to counseling as soon as he is eligible for health care, and keeping Officer Brown up to date on his employment status, change of residence or any violation of the terms and conditions of his supervision.

Defendant's failure to do any of these things shall result in his arrest and acceleration of the hearing on the pending petition.

Entered this 13th day of January, 2022.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge